RECEIVED
SDNY DOCKET UNIT

2020 JAN 22  PM 1: 12

### In The Federal District Court
### For the Southern District of New York

| | |
|---|---|
| Jules Ngambo )<br>Plaintiff, )<br> )<br>Vs. )<br> )<br>(1) Officer Michael Ruszkowski in his )<br>individual capacity )<br>(2) Judge David M. Ascher in his )<br>individual capacity )<br>(3) Judge Scott B. Ugell in his )<br>individual capacity )<br>(4) Paul Schofield in his individual capacity )<br>(5) Leslie Kahn in her individual capacity )<br>(6) Robert Berdy in his individual capacity, )<br>(7) Town of Clarkstown )<br>Defendants. ) | Case No. **20 cv 627**<br><br>**Complaint under authority<br>of 42 USC § 1983 for violation<br>of rights under color of law**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

#### Jurisdictional statement

**1.** This Court has in personam jurisdiction as Jules Ngambo is domiciled in the

Southern District of New York of the United States Federal District Court. This

Court has in personam jurisdiction in re Officer Michael Ruszkowski, Judge David

M. Ascher, Judge Scott B. Ugell, Paul Schofield, Leslie Kahn, Robert Berdy by

virtue as all, acting outside the full-lawful scope of their authority, under mere color

of law, committed acts injurious of the rights of Jules Ngambo. Hereinafter Jules

Ngambo, will be referred to as "Plaintiff".

**2.** This Court has jurisdiction over the subject matter of this Complaint pursuant

Plaintiff's factually sufficient claim of the Defendants violation of 42, USC § 1983

providing:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any

State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

in an action at law, suit in equity, or other proper proceeding for redress, except that in any

action brought against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable. For the purposes of this section, any Act of Congress

applicable exclusively to the District of Columbia shall be considered to be a statute of the

District of Columbia.

<u>Cause of Action</u>

**3.** The City of Town of Clarkstown, New York operated a revenue scheme which

likely continues today amounting to an extortion racket, tow wit:

a. Without reliance of public disclosure of any less obtrusive means to regulate
   the traveling public, Officer Michael Ruszkowski, abusing the Police Powers
   vested in the City of Town of Clarkstown pursuant to the Amendment of the
   Constitution, arrested Plaintiff on September 10, 2018 without probable cause
   that Plaintiff had committed an offense to public safety warranting being fined
   or possibly imprisoned.

b. Abusing the Constitution's mandate for compulsory process, Plaintiff was
   summoned to appear before the Courts of the Town of Clarkstown in answer
   not to a crime but a quasi-crime with the Court treating the matter as criminal
   in nature for failure to plead and prove Plaintiff's violation of a quasi contract.

c. The Judge David M. Ascher and Judge Scott B. Ugell, both on the pay roll of
   the Town of Clarkstown conducted a hearing and show trial resulting in

Plaintiff being fined and subjected to threat of imprisonment as part of a revenue scheme benefiting Officer Michael Ruszkowski, Judge David M. Ascher, and Judge Scott B. Ugell VIOLATING PLAINTIFF'S RIGHT TO PROCEEDINGS FREE OF PREJUDICE BEFORE AND IMPARTIAL TRIER OF FACT.

d. Upon filing claims against these public officials with the Town of Clarkstown Insurance and Claims on April 29, 2019, the Town of Clarkstown conspired violating Plaintiff's rights by failing to respond, failing to investigate and for failure to properly train and supervise their employees. And Plaintiff has exhausted his administrative remedy by going to them and asking them to apply proper supervision and they declined, they have not answered.

## Facts

**4.** Officer Michael Ruszkowski, arrested Plaintiff on September 10, 2018 without probable cause that Plaintiff had committed an offense to public safety warranting being fined or possibly imprisoned, and issued a traffic ticket.

a. On October 23, 2018, Plaintiff filed a Request for Discovery and Brady Request, along with an unsigned Plea of Guilty conditional to the nature and cause of the charges and proceedings on the record having been explained to him, and proof and evidence of jurisdiction over Plaintiff having been provided on the record; and a motion to dismiss for lack of jurisdiction.

b. On October 31, 2018, Judge Scott B. Ugell sent Plaintiff a letter incorrectly stating that his plea of not guilty had been received and a conference/trial in the matter had been scheduled for December 4, 2018 at 1:30pm.

c. On December 4, 2018, prior to the conference, Plaintiff met with Officer Ruszkowski acting as Prosecutor and asked if he had reviewed his filings. He answered "yes". When asked to dismiss the case, he refused. And when asked to then answer Plaintiff discovery request, he made a legal determination that it was not legitimate. Plaintiff then notified Ruszkowski that he was going to bill him for violating his rights and forcing him to defend that frivolous case, to which Ruszkowski answered that it is fine, it would be the Town or Police Department that would be responsible.

d. At the December 4, 2018 conference, Plaintiff made a special appearance in the courtroom then presided by Judge Ugell. Upon reviewing Plaintiff's filings, he denied Plaintiff the right to due process by refusing to address discovery issues and answer his motion(s), and proceeded to schedule a trial for January 29, 2019 and transferred the case to Judge Gerber, and falsely alleged that Judge Gerber is the one "who wrote that ridiculous decision", when referring to the Brady request. *See Clarkstown Traffic Court December 4, 2018 conference transcript attached as Exhibit "1"*.

e. On December 11, 2018, Plaintiff sent a bill/invoice to Officer Ruszkowski per his previous notice of billing to him, but he ignored it. Plaintiff mailed a couple of follow up notices included a Notice of Default, but Officer

Ruszkowski defaulted on Plaintiff bill, which is now significantly overdue with penalties.

f.  Exercising ordinary diligence, Plaintiff has failed in a good faith effort to confirm that certain defendants are duly authorized to occupy public office.

g.  On January 29, 2019, Plaintiff took Officer Ruszkowski to Clarkstown Town Small Claims court seeking remedy for the default on his bill. However, the hearing was presided by the same Judge Ugell, who in connivance with Clarkstown Town Attorney Leslie Kahn, again showed bias and partiality towards Officer Ruszkowski and refused to even look at the evidence I brought. He then dismissed the case. *See Clarkstown Small Claims Court January 29, 2019 conference transcript attached as Exhibit "2"*.

h.  It is worth nothing that the same judges on the Town of Clarkstown's payroll, including Defendants (2) and (3), who preside over traffic matters also preside over small claims matters.

i.  On January 28, 2019, Plaintiff filed a motion in limine, stating that the prosecutor had no evidence of jurisdiction and elements of alleged violation. But the motion was never ruled on.

j.  On January 29, 2019, the traffic court trial took place and was presided by Judge Ascher. Plaintiff made a special appearance while reserving all rights and objected to the proceedings and demanded evidence of jurisdiction as well

as satisfaction of discovery prior to proceeding. But Judge Ascher in connivance with Officer Ruszkowski and the town attorney Paul Schofield, with thread, duress and coercion, proceeded with trial and stated on the record that jurisdiction was a trial matter. *See Clarkstown Traffic Court January 29, 2019 trial transcript attached as Exhibit "3", on page 4.*

k. They proceeded with the trial despite Plaintiff's repeated objections and they convicted Plaintiff.

l. On February 21, 2019, Judge Ascher sent Plaintiff a bill for the fine. However, the bill did not specify what specie the Clarkstown Town Court would accept as payment, making it impossible to pay.

m. On February 18, 2019, Plaintiff sent a letter to the judge asking what specie his Court accept as payment, so he can pay without breaking the law pertaining to 31 USC Section 3124 and 18 USC Section 8. Despite two additional follow ups and a Final Notice of Default, he failed to answer.

n. After being threatened to pay or face consequences, Plaintiff was left with no choice but the pay with federal reserve notes despite Judge Ascher's default in failing to answer, that made it impossible for Plaintiff to pay.

o. After many unanswered calls, on March 22, 2019, Plaintiff went to the Town of Clarkstown Office of Insurance and Claims and met with Robert Berdy to request information on how to file a Tort Claim with the Town against Officer

Ruszkowski, Judge Ascher and Judge Ugell. Mr. Berdy appeared upset and displeased to see me and refused to give me any information and asked me leave his office immediately and threatened to call security.

p. On April 29, 2019, Plaintiff filed three (3) Notices of Claim against Officer Ruszkowski, Judge Ascher and Judge Ugell with Clarkstown Town via certified mail, followed by a Statement of Fact dated May 9, 2019. To this date the Town of Clarkstown has never answered nor investigated Plaintiff's claims. The municipality is included for failure to properly train and supervise the individual defendants; Plaintiff has exhausted remedy by filing complaints with the city, which have been disregarded.

### Civil rights violations

5. The following violations are claimed:

a. Unlawful detain

b. Perjury

c. Impersonation of a Public Official

d. Fraud

e. Conspiracy to commit fraud and violate rights

f. Deprivation of right to due process

    a. Proceeded without jurisdiction

    b. Failed to show evidence of jurisdiction on demand

   c.  Proceeded without a plea

   d.  Failed to respond to Brady discovery request

   e.  Failed to grant motion for lack of jurisdiction

g.  Acting without jurisdiction

h.  Theft of property

i.  Racketeering

j.  Intimidation and coercion

k.  All costs associated with moving and fair market value for loss of use

<u>Request for Relief</u>

**6.** Plaintiff demands judgement in his favor and against the Defendants, for damages of one hundred thousand dollars or more or less as the jury shall decide, for loss of time, aggravation, intentional infliction of emotional anguish, inconvenience, loss of enjoyment of life, lost opportunities, disrespectfulness and dishonor by the Town of Clarkstown court, litigation expenses, and other issues; and such other relief as the Court deems just and reasonable.

Prepared and submitted by: _Jules-Eric :Ngambo._____

        Jules Ngambo
        55 Ramapo Rd, Unit 224
        Garnerville, NY 10923
        917-512-1355
        julesen@gmail.com

# EXHIBIT 1

V&T

*CLARKSTOWN*
~~FAMILY COURT~~ OF THE STATE OF NEW YORK
ROCKLAND COUNTY      NEW CITY

---------------------------X

IN THE MATTER OF:

~~JULES NGAMBO,~~ *PEOPLE*

                    ~~Petitioner,~~ *Plaintiff*

                                        Docket No.:
                                        18090513

        Vs. *JULES NGAMBO*
~~MICHAEL RUSZKOWSKI,~~

                    ~~Respondent.~~ *Defendant*

---------------------------X

                    December 04, 2018

HELD AT:            CLARKSTOWN JUSTICE COURT
                    20 Maple Ave
                    New City, NY 10956

BEFORE:             HONORABLE SCOTT B. UGELL,
                    Judge

APPEARANCES:        JULES NGAMBO, *Defendant*
                    Pro Se for the ~~Petitioner~~ *RESPONDENT*

                    COUNSEL, (NONE) *Plaintiff*
                    Attorney for the ~~Respondent~~ *PETITIONER*

                    P. O. *michal Ruszkowski*

                    4-30-19 OK with handwritten
                            amendments *Ruszkowski*

DIGITALLY RECORDED PROCEEDING, TRANSCRIBED BY: *Deputy TS~*
BRIAN T. HENDERBERG                                *Attorney*

*OK with handwritten*          | RECEIVED          |
*amendments*                   | Justice Court     |
                               |                   |
                               | MAR 2 8 2019      |
                               |                   |
                               | Town of Clarkstown|
                               | New City, NY 10956|

*OK with handwritten amendments*  *Not OK*
                                  *Jules-Eric Ngambo*
*4-30-19*                   Official Court Copy of Transcript

INDEX

W I T N E S S E S

PETITIONER:                                    RE      RE     V.
WITNESS          DIRECT      CROSS      DIRECT  CROSS   D.     J


RESPONDENT:                                    RE      RE     V.
WITNESS          DIRECT      CROSS      DIRECT  CROSS   D.     J


E X H I B I T S

PETITIONER:
IDENTIFICATION       DESCRIPTION              I.D.    IN EV.


RESPONDENT:
IDENTIFICATION       DESCRIPTION              I.D.    IN EV.



**Ubiqus**
61 Broadway – Suite 1400, New York, NY 10006
Phone: 212-346-6666 * Fax: 888-412-3655

NGAMBO vs. RUSZKOWSKI - 12/~~03~~ 04/2018                    3

1          THE COURT:  Jules Ngambo. [Inaudible]. I'm

2    serious. Have you seen that? It's pretty cool, yeah.

3    [Inaudible]. What's that? [Inaudible] Ngambo? Ngambo?

4          MR. JULES NGAMBO:  [Inaudible].

5          THE COURT:  [Inaudible] Ngambo? Ngambo? Yes?

6          MR. NGAMBO:  Yeah, I'm ~~here~~ [crosstalk].

7          THE COURT:  Hi there. You spoke with the office

8    [inaudible]?

9    OFF *Ruszkowski* ~~COUNSEL~~:  Yes sir, no offers are accepted.

10         THE COURT:  No offers are accepted. So organize

11   a trial?

12         COUNSEL:  [Inaudible] for a trial date.

13         THE COURT:  All right. [Inaudible] still at PO

14   Box 224?

15   OFF *Ruszkowski* ~~COUNSEL~~:  All information there is correct, Your

16   Honor.

17         THE COURT:  Okay, so I'm going to set it for

18   trial. When you come back the next time you won't have to

19   wade through all these long cases and all these bad jokes

20   just we'll have a trial and take it from there. So come

21   [crosstalk] with any witnesses or any other information

22   you need. I will send you a letter when to come back, sir,

23   okay?

24         MR. NGAMBO:  [Inaudible].

25         THE COURT:  What's that? What's that?

1          MR. NGAMBO:  [Inaudible].

2          THE COURT:  ~~You're~~ *YOUR* discoveri~~ng~~*y*? What's to

3     discover [inaudible]?

4          MR. NGAMBO:  *I Filed a* ~~After the~~ motion for [inaudible]

5     discovery [crosstalk]--

6          THE COURT:  [Interposing] Motion for Brady

7     discovery. Well I mean normally you don't have a lot of

8     discovery in vehicle and traffic tickets but [inaudible]

9     just let me help you:  what is it that you're looking for

10    specifically?

11         MR. NGAMBO:  [Inaudible] discovery be provided

12    to me, including Officer Ruszkowski's anti-bribery

13    statement.

14         THE COURT:  His what statement?

15         MR. NGAMBO:  Anti-bribery statement [inaudible]

16    as well as [crosstalk]--

17         THE COURT:  [Interposing] no I'm not—I'm not—no

18    no no no, you're not—we're not—we're not—you're not

19    playing that game with us. I'm sorry, sir.

20         MR. NGAMBO:  I'm not playing games--

21         THE COURT:  No no no, no no no. This is a

22    vehicle and traffic trial. He's going to testify as to

23    what he saw today and we're not—and—no, it's not going to

24    happen that way. This is a simple vehicle and traffic

25    offense. He'll testify as to what he saw; you can give



1    your defense. We're not playing some kind of mumbo-jumbo

2    with this. It doesn't work that way, sir. I'm sorry.

3                [Inaudible] Judge [inaudible], who wrote that

4    ridiculous decision and you work it out with him. So we'll

5    send you a set for trial [inaudible] with Judge

6    [inaudible] this discovery petition. Thank you.

7                [END OF HEARING]

8

9                C E R T I F I C A T E

10   I, Brian Henderberg, certify that the foregoing transcript of

11   proceedings in the ~~Family~~ TOWN Court of Ngambo ~~v. Ruszkowski~~ TRU →

12   Docket No. 18090513 was prepared using the required

13   transcription equipment and is a true and accurate record of

14   the proceedings.

15   Signature:

16   Date: 25 March 2019

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

CLARKSTOWN TOWN COURT - SMALL CLAIMS
ROCKLAND COUNTY     NEW CITY

-----------------------X

IN THE MATTER OF:

    JULES NGAMBO,

                Petitioner,

                                      Docket No.:
                                      19010060

        Vs.

    MICHAEL RUSZKOWSKI,

                Respondent.

-----------------------X

                January 29, 2019

HELD AT:           CLARKSTOWN JUSTICE COURT
                    20 Maple Ave
                    New City, NY 10956

BEFORE:           HONORABLE SCOTT B. UGELL,
                    Judge

APPEARANCES:      JULES NGAMBO,
                    Pro Se for the Petitioner

                    ESTHER KAHN
                    Attorney for the Respondent, Town

DIGITALLY RECORDED PROCEEDING, TRANSCRIBED BY:
BRIAN T. HENDERBERG

INDEX

## W I T N E S S E S

| PETITIONER: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V. D. | J |
|---|---|---|---|---|---|---|

| RESPONDENT: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V. D. | J |
|---|---|---|---|---|---|---|

## E X H I B I T S

| PETITIONER: IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

| RESPONDENT: IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

NGAMBO vs. RUSZKOWSKI - 1/29/2019            3

1            THE COURT:  (inaudible) Jules-Eric Ngambo versus

2    Michael Ruszkowski. Are you ready? Are you ready, Mr.

3    Bixby [phonetic]?

4            MR. BIXBY:  Oh yes.

5            THE COURT:  You are?

6            MR. BIXBY:  (inaudible).

7            THE COURT:  Where's everyone going? What did I

8    say? Oh oh oh. All right, this is the Matter of Ngambo v.

9    Ruszkowski. You're Mr. Ngambo?

10           MR. JULES NGAMBO:  Yes.

11           THE COURT:  You're--?

12           MS. ESTHER KAHN:  Esther [phonetic] Kahn

13   [phonetic].

14           THE COURT:  For the [crosstalk]?

15           MS. KAHN:  Yeah, I'm the town attorney for the

16   Town of Clarkstown.

17           THE COURT:  Okay. What—what—why are we here?

18   What's going on? Did your case (inaudible)? Why are we

19   here? What's going on today?

20           MS. KAHN:  I believe--

21           MR. NGAMBO:  We're here--

22           THE COURT:  I'm not talking to you. One second.

23   Why are we here?

24           MS. KAHN:  Mr. Ngambo filed a bill and sent it

25   to Officer Ruszkowski.

1   THE COURT:  (inaudible). What is this all about?

2   MS. KAHN:  Well, he filed a bill in the amount

3   of—I think approximately $2,900. I don't have that exact

4   number in front of me. I'm not sure what happened

5   [crosstalk]--

6   THE COURT:  Sir, Mr. Ngambo, you do work for Mr.

7   Ruszkowski? What's the nature of your statement?

8   MR. NGAMBO:  Default on my bill.

9   THE COURT:  What?

10   MR. NGAMBO:  He defaulted on the bill.

11   THE COURT:  What bill?

12   MR. NGAMBO:  The bill I sent him.

13   THE COURT:  For what?

14   MR. NGAMBO:  I billed him, I gave him--

15   THE COURT:  For what? (inaudible) for what? Did

16   you do work for him?

17   MR. NGAMBO:  No.

18   THE COURT:  [Crosstalk]?

19   MR. NGAMBO:  I gave him a bill for (inaudible)

20   for—I gave him [crosstalk] a notice of a bill for making

21   me defend a frivolous case and [crosstalk]--

22   THE COURT:  [Crosstalk] a frivolous case?

23   MR. NGAMBO:  Yes because he's operating in his

24   private capacity without, you know, without--

25   THE COURT:  His what? He's doing what?

1      MR. NGAMBO:  He's (inaudible) in his personal

2   capacity.

3      THE COURT:  He's—he's a police officer. I'm

4   sorry, actually--

5      MS. KAHN:  Your Honor, I believe—just—let me

6   just clarify.

7      THE COURT:  What? Was he—were you working as

8   like a contractor part-time or something? Why? What's the

9   bill for? I don't understand.

10      MS. KAHN:  Your Honor, he--

11      MR. NGAMBO:  The bill—would you like me to send,

12   give you a copy?

13      THE COURT:  No.

14      MS. KAHN:  The officer wrote a speeding ticket

15   for Mr. Ngambo, on duty, while he was working at

16   [crosstalk] September 10th of last year [crosstalk] when

17   he was on duty, working for the Clarkstown police office.

18   He [crosstalk] speeding ticket--

19      THE COURT:  Okay.

20      MS. KAHN:  --Mr. Ngambo I believe showed up,

21   filed motion practice, which Judge Gerber answered and

22   gave a decision on the motion practice and that trial, the

23   traffic ticket trial is on this afternoon. So I believe he

24   filed a bill because he had to appear in court and file

25   motion practice.

NGAMBO vs. RUSZKOWSKI - 1/29/2019                6

1    THE COURT:  Is that what your bill is for?

2    MR. NGAMBO:  First of all--

3    THE COURT:  Stop. I'm asking you a question. Was

4  your bill that you had to appear in court?

5    MR. NGAMBO:  No, my--

6    THE COURT:  Was your bill for the time you spent

7  because you have to respond to the ticket?

8    MR. NGAMBO:  No, my bill (inaudible)—my bill is

9  for the time and expenses I spent defending a frivolous

10  case. [Crosstalk].

11    THE COURT:  [Crosstalk]. Leave my courtroom now.

12  Officer, make sure he leaves [crosstalk] now.

13    MR. NGAMBO:  [Crosstalk].

14    THE COURT:  Leave my courtroom right now, sir.

15  Leave my (inaudible) and escorted out. Leave.

16    MR. NGAMBO:  Okay.

17    THE COURT:  (inaudible).

18    MR. NGAMBO:  You'll hear from me again.

19    THE COURT:  Yeah.

20    MR. NGAMBO:  This is a violation of due process.

21    THE COURT:  Right sir. Have a nice day.

22    [END OF HEARING]

23

24

25

NGAMBO vs. RUSZKOWSKI - 1/29/2019                  7

1                    C E R T I F I C A T E

2    I, Brian Henderberg, certify that the foregoing transcript of

3    proceedings in the Family Court of Ngambo v. Ruszkowski

4    Docket No. 19010060 was prepared using the required

5    transcription equipment and is a true and accurate record of

6    the proceedings.

7    Signature:

8    Date: 25 March 2019

9

# EXHIBIT 3

*V&T*

Town of Clarkstown Justice Court
~~FAMILY COURT OF THE STATE OF NEW YORK~~
ROCKLAND COUNTY     NEW CITY

------------------------------X

IN THE MATTER OF:

            PEOPLE,

                        *Plaintiff*
                        ~~Petitioner,~~

                                        Docket No.:
                                        ~~19010060~~ 18090513

            Vs.

      JULES NGAMBO,     *Defendant*
                        ~~Respondent.~~

------------------------------X

                January 29, 2019

HELD AT:         CLARKSTOWN JUSTICE COURT
                 20 Maple Ave
                 New City, NY 10956                     4/30/19

BEFORE:          HONORABLE ~~SCOTT B. UGELL~~, DAVID M
                 Judge                        ASCHER.

APPEARANCES:     JULES NGAMBO,              *Defendant*
                 Pro Se for the ~~Petitioner~~ RESPONDENT

                 MR. PAUL SCOFIELD, ESQ.   *Plaintiff*
      *Deputy Town*   Attorney for the ~~Respondent~~ PETITIONER
                 *Town of Clarkstown*

DIGITALLY RECORDED PROCEEDING, TRANSCRIBED BY:
BRIAN T. HENDERBERG.

*OK with handwritten amendments*     *4/30/19 OK with handwritten amendments*

*Deputy Town Attorney*

*OK with handwritten amendments*     *:Jules-Eric: Ngambo:*

                                        Official Court Copy of Transcript

INDEX

## W I T N E S S E S

| PETITIONER: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V. D. | J |
|---|---|---|---|---|---|---|
| M. Ruszkowksi | 10 | 16 | | | | |

| RESPONDENT: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V. D. | J |
|---|---|---|---|---|---|---|

## E X H I B I T S

| PETITIONER: IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

| RESPONDENT: IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

1        THE COURT:  All right, let's call Jules Ngambo.

2    Thanks, Officer Bachs [phonetic]. Mr. Ngambo, you step up

3    behind the microphone over there, sir. Thank you so much.

4    And I see you've got town attorney, counsel, your

5    appearance for the record, please.

6        MR. PAUL SCOFIELD:  Yes, Paul Scofield

7    [phonetic] representing [inaudible].

8        THE COURT:  All right, good afternoon, Mr.

9    Scofield. Good afternoon—Officer Ruszkowski's here.

10       MR. MICHAEL RUSZKOWSKI:  Good afternoon.

11       THE COURT:  Okay. Give me a second.

12       MR. JULES NGAMBO:  [Inaudible] *Am I submitting to your jurisdiction by going there?*

13       THE COURT:  Yeah, yeah, right here, behind the

14   microphone.

15       MR. NGAMBO:  [Inaudible] jurisdiction by *Am I submitting to you*

16   ~~answering this.~~ *Entering here?*

17       THE COURT:  You—I have jurisdiction over this

18   whether you appear or not.

19       MR. NGAMBO:  Well I'm the authorized agent for

20   [inaudible] alleged defendant and I'm here by special *Trade Name*

21   appearance, only participating on the threat, duress and

22   coercion, without prejudice, while reserving all rights,

23   and while waiving no rights in this action, [inaudible]. *not submitting*

24       THE COURT:  Well you don't have to submit to the *to the asserted jurisdiction of you ne.*

25   jurisdiction. We have jurisdiction over the matter whether

1   you appear or don't. So if you don't want to participate

2   in the trial that's up to you. If you do, then I'd like

3   you to step on up behind the microphone so we can go

4   forward.

5               MR. NGAMBO:  With all due respect, Your Honor--

6               THE COURT:  Yes?

7               MR. NGAMBO:  I object and I do not consent to

8   proceed until I see actual evidence proving jurisdiction

9   over me just because I was in the land of New York. We

10  can't move forward until jurisdiction is proven on the

11  record, can we?

12              THE COURT:  Jurisdiction can't be proven on the

13  record until the trial starts.

14              MR. NGAMBO:  Okay.

15              THE COURT:  How's that?

16              MR. NGAMBO:  I'd like to see that.

17              THE COURT:  Huh?

18              MR. NGAMBO:  I'd like to see that.

19              THE COURT:  Well you're going to. The People

20  have to put on their case and prove—one of the things they

21  have to prove is jurisdiction. So that'll happen in the

22  trial.

23              MR. NGAMBO:  Are we on the record?

24              THE COURT:  We are.

25              MR. NGAMBO:  Awesome.

PEOPLE vs. NGAMBO – 1/29/2019                    5

1        THE COURT:  You ready to go forward?

2        MR. NGAMBO:  ~~Yeah.~~ *Again* I'm the authorized agent of

3   the [~~inaudible~~] *Trade Name* alleged defendant and I'm hereby *by*

4   [crosstalk]--                                    *Special Appearance*

5        THE COURT:  [Interposing] Are you not Jules. E.

6   Ngambo?

7        MR. NGAMBO:  I am the authorized agent of Jules

8   E. Ngambo.

9        THE COURT:  And what's your name?

10       MR. NGAMBO:  Sir, my name—my proper name is

11  Jules-dash-Eric ~~Neng~~ [phonetic] Ngambo.

12       THE COURT:  Excellent.

13       MR. NGAMBO:  And so I'm here by special

14  appearance, as I said earlier--

15       THE COURT:  Yep, you told me that.

16       MR. NGAMBO:  --and I just want to be clear ~~that~~

17  [crosstalk]--      *For The Record*

18       THE COURT:  [Interposing] It's all in the

19  record, sir.

20       MR. NGAMBO:  Okay.

21       THE COURT:  And give me one second. I have in my

22  hands a motion *in limine* signed by Jules-hyphen-Eric

23  Ngambo--

24       MR. NGAMBO:  Correct.

25       THE COURT:  And if you can give me 30 seconds or



PEOPLE vs. NGAMBO - 1/29/2019                    6

1   so I just want to review it—a page and a half--

2        MR. NGAMBO:  Please, please [crosstalk].

3        THE COURT:   --so let me just take a look. So

4   your motion really is premature because, again, what you

5   seek in your motion is sort of what you said here on the

6   record a few moments ago is that you're claiming that they

7   don't have jurisdiction. They'll have to prove, then,

8   their case. So I'm going to reserve on your decision until

9   such time as they complete their—the People's case. How's

10  that?

11       MR. NGAMBO:  Sure. Sure, but I just want to make

12  sure you also have an opportunity to review the previous

13  motion because this motion is the second step up to the

14  first motion was not fully answered. I understand it was

15  partially denied, however, some of the element I requested

16  are required and have not been provided. I have not been

17  provided proper discovery by the Plaintiff at this time.

18  So I fail to understand how we can proceed until discovery

19  is satisfied and also jurisdiction is proven.

20       THE COURT:  Well the jurisdiction we resolved

21  already.                    *we havnt resolved*

22       MR. NGAMBO:  [Crosstalk]. I haven't seen any

23  evidence of that.

24       THE COURT:  But again, if you—I don't know if

25  you're just speaking and not listening, but if you let me—

PEOPLE vs. NGAMBO - 1/29/2019                    7

1   if you hear my response to you:  that evidence will be

2   presented during trial. And if it's not, it's not.

3            MR. NGAMBO:  Okay.

4            THE COURT:  But if it's going to be, that's when

5   it'll be done.

6            MR. NGAMBO:  So by resolve you mean that

7   [crosstalk] --

8            THE COURT:  It'll either be decided yes, they've

9   proven it or yes they have not.

10            MR. NGAMBO:  [Crosstalk] resolved, it will be

11   addressed during the trial. That's what you mean by

12   resolved, correct?

13            THE COURT:  Correct, it'll be addressed then.

14            MR. NGAMBO:  Okay.

15            THE COURT:  All right, let's go forward. So Mr.

16   Ngambo I don't know if you've done a few of these or not

17   but what happens is the People have the burden of proof.

18   They go first. Mr. Scofield will give a direct examination

19   to I'm assuming the officer, although I don't know for

20   sure. And then after the officer testifies you'll have a

21   chance to cross examine that officer. Once the people

22   present their evidence and their witnesses they will then

23   rest. Once they've rested you will then have a chance to

24   testify and present evidence on your behalf—if you choose,

25   but you don't have to. Do you understand?



PEOPLE vs. NGAMBO - 1/29/2019                8

1          MR. NGAMBO:  I don't understand. I just--

2          THE COURT:  Okay, let me try it again. So the

3    trial goes like this:  the People have the burden of

4    proof, so they go first. Okay? If I've—I'm assuming that

5    the town attorney is here and he's going to ask questions

6    of the police officer who issued you the ticket.

7          MR. NGAMBO:  [Inaudible].

8          THE COURT:  Once the police officer is done

9    testifying--

10         MR. NGAMBO:  [Inaudible].

11         THE COURT:  --you will have a chance to ask them

12   question—ask him, if it's Officer Ruszkowski, you can ask

13   him questions. Okay? Once you are done, assuming the

14   People rest and don't have any other witnesses or

15   evidence, they will then rest. You will then have a chance

16   to testify and present evidence on your behalf if you'd

17   like; you are not required to. You will also have a chance

18   to testify, but are not required to.

19         MR. NGAMBO:  Okay, but I object there, Your

20   Honor, because discovery hasn't been satisfied yet. How

21   can we start trial when discovery hasn't been satisfied? I

22   have not received the required discovery I requested.

23         THE COURT:  Objection overruled. People, are you

24   ready to go?

25         MR. SCOFIELD:  Yes, Judge.



PEOPLE vs. NGAMBO - 1/29/2019                    9

1         THE COURT:  All right, let's go.

2         MR. NGAMBO:  Objection for the record.

3         THE COURT:  You did, and I overruled it. Ready

4  to go?

5         MR. SCOFIELD:  Paul [inaudible] Police Officer

6  Michael Ruszkowski.

7         MR. NGAMBO:  Objection, Your Honor. Counsel

8  testified—counsel testified.

9         THE COURT:  He didn't even—he's calling his

10  witness. And if you let him get it out, first, you might

11  have heard that. I think you jumped the gun a little bit.

12  Mr. Scofield, you gave your appearance; do you have any

13  witnesses to present?

14         MR. SCOFIELD:  Yes, I call Police Officer

15  Michael Ruszkowski.

16         THE COURT:  Okay. Office Ruszkowski can you come

17  up over here?

18         MR. RUSZKOWSKI:  Yes, Your Honor.

19         THE COURT:  Sir, can you please raise your right

20  hand and repeat after me—or actually don't have to repeat

21  after me—do you swear or affirm the testimony you're going

22  to provide in this matter, and under the penalties of

23  perjury, is the truth, the whole truth, and nothing but

24  the truth?

25         MR. RUSZKOWSKI:  I do.



PEOPLE vs. NGAMBO - 1/29/2019                    10

1          THE COURT:  Please put your hand down, state

2     your name, and give us your shield number for the record.

3          MR. RUSZKOWSKI:  The name is Officer Michael

4     Ruszkowski with the Clarkstown Police Department and

5     shield number 484.

6          THE COURT:  All right, have a seat. Officer—or

7     Mr. Scofield, your witness.

8          M I C H A E L   R U S Z K O W S K I, being duly

9     sworn, testified as follows:

10    DIRECT EXAMINATION

11    BY PAUL SCOFIELD

12    Q:   Officer Ruszkowski how long have you been employed by

13    the Town of Clarkstown?

14    A:   Thirteen years.

15    Q:   And in what capacity were you employed for those 13

16    years past?

17    A:   What capacity?

18          MR. NGAMBO:  Objection, Your Honor. Until

19    jurisdiction is proven we're not going anywhere.

20          THE COURT:  You keep saying the same thing.

21          MR. NGAMBO:  Yeah, but--

22          THE COURT:  They're not done. How can you ask

23    them to—you're not letting them ask the questions that

24    will prove the jurisdiction. There is no objection. It

25    doesn't make any sense. It's overruled.

1          MR. NGAMBO:  Objection--

2          THE COURT:  [Interposed] It's overruled.

3          MR. NGAMBO:  --because--

4          THE COURT:  It's overruled-

5          MR. NGAMBO:  --because [crosstalk]--

6          THE COURT:  It's overruled. You're—you're asking

7    them to prove jurisdiction-

8          MR. NGAMBO:  [Crosstalk] *Before proceeding* I want to see

9    [*Proof of* inaudible] jurisdiction.

10         THE COURT:  You're wrong.

11         MR. NGAMBO:  I'm going to object for the record.

12         THE COURT:  You did. You're wrong. Keep going.

13    Q:   How long have you been employed by the Town of

14    Clarkstown? In what capacity were you employed by the Town of

15    Clarkstown?

16    A:   I've been employed for 13 years as a police officer

17    and for the last four years I've been in the traffic division.

18         MR. SCOFIELD:  At this time I'm going to have

19    the defendant [inaudible] materials in reference to  this

20    [inaudible] with the notes that were—accompanied the stop

21    along with the traffic ticket, along with Appellate *Judge*

22    Gerber's earlier prior decision.

23    Q: Officer Ruszkowski, you were working on September 10th,

24    2018?

25

PEOPLE vs. NGAMBO - 1/29/2019          12

1    A:   Okay. Yes—oh, yeah, yes, yes I was working.

2    Q:   And can you tell me what shift you were working?

3    A:   I was working the 11:00 a.m. to 7:00 p.m. tour.

4    Q:   And what, if anything, happened to you unusually

5    about 2:55 p.m. n that day?

6    A:   At 2:55 I was currently on North Little Tor road at

7    the intersection of Culver Drive where I was conducting traffic

8    enforcement, speed enforcement to that area.

9    Q:   2:55 p.m.?

10   A:   2:55 p.m., yes.

11   Q:   And what did you observe at that time?

12   A:   At that time I observed a—it was a black Tesla

13   bearing New Jersey registration:  Henry-3-7-Henry-Michael-King.

14   The vehicle was traveling southbound on North Little Tor Road,

15   coming from the area of Southtown [~~phonetic~~ Mountain] Road at a high

16   rate of speed.

17   Q:   And how did you judge that—the high rate of speed.

18   A:   I first made a visual estimation and then I confirmed

19   that with the, with the radar.

20   Q:   Okay. And what speed did you determine as far as the

21   radar was concerned?

22   A:   The radar clocked the vehicle going at 54 miles an

23   hour.

24   Q:   And by the way did you—what—do you have any training

25   in regard to the use of the radar?



1    A:   Yes, through the Rockland County Police Academy. I

2  spent several days and got certified through the Rockland

3  County Police Academy, and then followed up with that through

4  an FTO program with the Clarkstown Police Department.

5    Q:   And as part of your training on that day did you test

6  the radar?

7    A:   Yes I did, using two separate tuning forks, which

8  showed that the radar was working properly.

9    Q:   And when you made the observation, pointed the radar

10  gun, did you make any kind of observation as far as the speed

11  other than using [crosstalk]—

12          MR. NGAMBO:   [Interposing] Objection, Your

13      Honor. I don't see how these are showing the proof of

14      jurisdiction, and the trial seems to be moving forward

15      when I objected and I don't consent to move forward.

16      [Crosstalk]--

17          THE COURT:   I don't need your consent. They're

18      not done. Objection overruled. Keep going, Mr. Scofield.

19    Q:   Did you make any other observations on the radar

20  observations [crosstalk]?

21    A:   [Interposing] I made a visual observation which was

22  within three miles an hour of what the radar determined the

23  vehicle to be traveling.

24    Q:   And as part of your training as a police officer were

25  you trained to make such estimations?



PEOPLE vs. NGAMBO - 1/29/2019                14

1      A:   Yes, that was part of the radar certification.

2      Q:   And can you tell me what you visually estimated the

3   speed at?

4      A:   I just remember it was within three miles an hour of

5   the radar; otherwise I would not have stopped the vehicle.

6      Q:   And can you tell me when you observed this car first

7   and where you pulled the car over?

8      A:   So I waited for the vehicle to pass me. Again, my

9   location was at North Little Tor and Culver. The vehicle was

10  heading southbound on Little Tor. I stopped the vehicle

11  shortly, further south of Culver, just before Saw Mill Road.

12  And I identified the defendant as the driver.

13     Q:   And the defendant is who?

14     A:   Jules Ngambo.

15     Q:   And is the defendant here, present in the courtroom

16  today?

17     A:   Yes.

18     Q:   Can you point him out to me?

19     A:   There.

20          MR. SCOFIELD:  And let the record reflect that

21  the witness has pointed to the Defendant.

22          THE COURT:  The record will reflect.

23     Q:   Okay.

24          MR. NGAMBO:  Let the record reflect as well that

25  the Court is proceeding without a proper satisfaction of

PEOPLE vs. NGAMBO - 1/29/2019                15

1    discovery and proof of jurisdiction.

2        Q:   Can you tell me where—can you tell me where, when you

3    first observed the vehicle and when you pulled the vehicle over

4    was that within the Town of Clarkstown?

5        A:   Yes.

6        Q:   And can you tell me did you issue any kind of ticket

7    to the defendant?

8        A:   Yes, a ticket was issued for an 11-80-D in the New

9    York VTL, which is the speeding zone for going 50 miles an hour

10   in a 30 mile an hour zone.

11       Q:   And that ticket is a uniform traffic ticket, correct?

12       A:   Yes.

13       Q:   And can you tell me were there any signs posted as

14   far as the speed limit in that area?

15       A:   Any time you enter the Town of Clarkstown there is a

16   sign stating what the speed limit is. In this case if the

17   defendant was coming from the central highway there is a sign

18   stating that the speed limit is 30 miles an hour, which

19   continues on into North Little Tor. If he was coming from the

20   southbound road there would have been signs posted there as

21   well stating 30 miles an hour. It also should be known that all

22   state—all roads in the Town of Clarkstown are 30 miles an hour

23   unless stated otherwise.

24       Q:   Did the defendant say anything after the stop to you?

25       A:   Not that I recall.

1  Q:   Any you only issued one ticket, correct?

2  A:   Correct.

3  Q:   No further questions.

4         THE COURT:  Okay. Mr. Ngambo you have the right

5  to cross examine Officer Ruszkowski if you'd like.

6         MR. NGAMBO:  I object, Your Honor, because I

7  haven't seen proof of jurisdiction on the record.

8         THE COURT:  Oh, you're wrong. Oh, you're wrong.

9  They did. I heard it. The testimony came out.

10         MR. NGAMBO:  I would like to see the

11  [crosstalk].

12         THE COURT:  You don't have to. They testified to

13  it.

14         MR. NGAMBO:  Your Honor, again, with all due

15  respect I object and I do not concede consent to proceed

16  until I see actual evidence proving jurisdiction on the

17  record.

18         THE COURT:  It was. It was testimony on the

19  record.

20         MR. NGAMBO:  What is it? Whats The evidence?

21         THE COURT:  The testimony was that you were—that

22  you were pulled over in the Town of Clarkstown.

23         MR. NGAMBO:  How is that [laughs] evidence of jurisdiction,

24  Your Honor?

25         THE COURT:  That's exactly what evidence of

1   jurisdiction is. So we solved your problem. Would you like

2   to cross examine Officer Ruszkowski?

3           MR. NGAMBO:  I object, Your Honor. Again, I

4   object.

5           THE COURT:  So are you waiving your right to

6   cross examine Officer Ruszkowski?

7           MR. NGAMBO:  I have objected to this

8   [crosstalk]--

9           THE COURT:  So if you're choosing to not I'm

10   going to assume that you don't want to cross examine him.

11           MR. NGAMBO:  I object, Your Honor because proof

12   of jurisdiction is not provided on the record.

13           THE COURT:  You're wrong, it was. I just told

14   you.

15           MR. NGAMBO:  And I can't proceed [crosstalk]--

16           THE COURT:  [Interposing] All right, to

17   defendant—

18           MR. NGAMBO:  --proceed until jurisdiction is

19   proven on the record.

20           THE COURT:  --does not want—

21           MR. NGAMBO:  --and also discovery hasn't been

22   satisfied.

23           THE COURT:  --to cross--

24           MR. NGAMBO:  I object to that, Your Honor, you--

25           THE COURT:  --examine the police officer.



PEOPLE vs. NGAMBO - 1/29/2019                    18

1        MR. NGAMBO:  --you are acting on my behalf

2    without my authorization. [Crosstalk]--

3        THE COURT:  No. You're telling me that you don't

4    want to do it. Okay.

5        MR. NGAMBO:  --my right. Let the record reflect

6    [crosstalk] is-- *That the Judge acting as my Attorney without proper Authorization*

7        THE COURT:  [Interposing] Officer Ruszkowski you

8    may step down.

9        MR. NGAMBO:  [Inaudible].

10       THE COURT:  Mr. Scofield, do you have any other

11   witnesses or any other evidence?

12       MR. NGAMBO:  --authorization.

13       MR. SCOFIELD:  No, I don't. The People rest.

14       THE COURT:  Okay. People rest.

15       Mr. Ngambo, would you like to testify? The

16   People rested.

17       MR. NGAMBO:  Again, I am not part of these

18   proceedings. I have objected from the beginning and until

19   now I haven't seen proof of jurisdiction and I haven't

20   seen discovery.

21       THE COURT:  I know you keep saying it but you

22   have.

23       MR. NGAMBO:  I have not.

24       THE COURT:  Okay, so is it your choice that

25   you're not going to testify?



1          MR. NGAMBO:  Your Honor, I—Your Honor, are you

2    saying that I have received—that discovery has been

3    satisfied?

4          THE COURT:  I'm not saying anything about

5    discovery, I'm saying jurisdiction has been proven.

6          MR. NGAMBO:  I'm asking you has discovery been

7    satisfied?

8          THE COURT:  Discovery—I have no idea. Has

9    discovery been exchanged?

10         MR. NGAMBO:  Then what are we doing here?

11         MR. SCOFIELD:  Judge, I [crosstalk]—

12         MR. NGAMBO:  [Interposing] You have no idea and

13   you're trying a case without [crosstalk]--

14         THE COURT:  [Interposing] What's your answer,

15   Mr. Scofield?

16         MR. SCOFIELD:  Judge, [crosstalk]--

17         MR. NGAMBO:  [Interposing] satisfied.

18         MR. SCOFIELD:  --material that I think that is

19   traffic stop, defendant [crosstalk].

20         MR. NGAMBO:  Objection, Your Honor:  Counsel is

21   testifying.

22         THE COURT:  [Laughs] No, he's answering my

23   question.

24         MR. NGAMBO:  Without—and this Counsel is

25   testifying without firsthand knowledge.

1          THE COURT:  Okay, so the supporting—yeah, I see

2    the supporting deposition has been served on you, and Mr.

3    Scofield exchanged Rosario. Discovery has been satisfied.

4    Okay. So do you want to testify or do you not?

5          MR. NGAMBO:  So, Your Honor, you are saying that

6    discovery has been satisfied.

7          THE COURT:  Yes.

8          MR. NGAMBO:  Okay. I have requested in

9    discovery--

10          THE COURT:  Just because you request it doesn't

11    mean you're entitled to it.

12          MR. NGAMBO:  --[crosstalk] Officer Ruszkowski's

13    oath of office, [inaudible] registration statement, as

14    well as Bach [phonetic] information and I have not

15    received that and that's required information.

16          THE COURT:  It is not. You're not entitled to

17    it. Objection overruled.

18          MR. NGAMBO:  [Crosstalk]--

19          THE COURT:  Your request is overruled.

20          MR. NGAMBO:  --every person [crosstalk]--

21          THE COURT:  [Interposing] So if you want to go

22    forward with the trial you can do it; if you don't you

23    don't have to. The People have rested. You now have the

24    opportunity to present evidence on your behalf but do not

25    have to, of course. In fact you have the right to remain

1    silent and never have to speak in this courtroom at all.

2    So are you choosing to move forward with your portion of

3    the trial?

4              MR. NGAMBO:  Objection, Your Honor. How has

5    discovery been satisfied?

6              THE COURT:  [Interposing] You don't have to.

7              MR. NGAMBO:  How—have you—have you seen Officer

8    Ruszkowski's oath of office?

9              THE COURT:  Don't need it.

10             MR. NGAMBO:  I haven't—I haven't seen it. I have

11   requested it.

12             THE COURT:  Understood and you're not entitled

13   to it. So we move forward—

14             MR. NGAMBO:  [Crosstalk] but I haven't received

15   it.

16             THE COURT:  You are not entitled to it.

17             MR. NGAMBO:  He's a public—yes I am—he's a

18   public servant, and [crosstalk] supposed to have an oath

19   of office—

20             THE COURT:  You are not entitled to it.

21             MR. NGAMBO:  —and anti-bribery statement, a

22   foreign ~~restrictions~~ statement and I'm entitled to receive

23   that upon request. And I have requested that [crosstalk]

24   and I have not received that.

25             THE COURT:  [Interposing] You're wrong. I heard



PEOPLE vs. NGAMBO — 1/29/2019                  22

1    your request, you're wrong, so we're going to move

2    forward.

3              MR. NGAMBO:  Then I object then to this trial.

4              THE COURT:  You can—okay, you can object all you

5    want.

6              MR. NGAMBO:  There's no trial until discovery

7    has been satisfied.

8              THE COURT:  So is it—so you're not going to

9    testify today?

10             MR. NGAMBO:  There is no trial until discovery

11   has been satisfied--

12             THE COURT:  There is. We're doing it right now.

13   You're choosing to not participate in it.

14             MR. NGAMBO:  --and [crosstalk] has been put on

15   the record. And so far--

16             THE COURT:  It has.

17             MR. NGAMBO:  It hasn't been.

18             THE COURT:  Okay. I've heard what you said. I

19   thank you so much.

20             MR. NGAMBO:  What is the [crosstalk], Your

21   Honor? What is it?

22             THE COURT:  You don't get to ask me questions.

23   That's not how it works. Thank you so much—

24             MR. NGAMBO:  But you're still claiming that it

25   has been put on [crosstalk] permanent record.



PEOPLE vs. NGAMBO – 1/29/2019                    23

1          THE COURT:  Thank you so much.

2          MR. NGAMBO:  What is it that has been put on the

3     record [crosstalk] position?

4          THE COURT:  Thank you so much.

5          MR. NGAMBO:  I'd like to see that.

6          THE COURT:  Thank you very much.

7          MR. NGAMBO:  Your Honor, I would like to see

8     that.

9          THE COURT:  Mr. Ngambo, thank you. I've heard

10    what you've had to say. I disagree with your

11    characterization of it. So the trial has been completed.

12    You're not testifying. I'm now going to render a decision.

13         MR. NGAMBO:  I object, Your Honor.

14         THE COURT:  That's great.

15         MR. NGAMBO:  This is a violation of due process.

16         THE COURT:  Thank you so much.

17         MR. NGAMBO:  On the record--

18         THE COURT:  Objection is noted for the record.

19    After due consideration and review all of the competent

20    evidence presented, including the testimony of Officer

21    Ruszkowski, this Court finds that the Defendant, Jules E.

22    Ngambo, motorist ID number 916065922, guilty of 11-80-D,

23    50 in a 30. Thank you so much.

24         And the sentence of this Court is going to be as

25    follows:  It is a $147 fine, $93 mandatory New York State

1    surcharge, total is $240. Thank you so much, sir. Please

2    pay the Clerk.

3                MR. NGAMBO:  I object to that, Your Honor.

4                THE COURT:  Thank you, sir.

5                MALE:  [Inaudible] pay today, Your Honor?

6                THE COURT:  Oh, so if you don't pay by February

7    14th we send a notice to DMV.

8                MR. NGAMBO:  Is there any document that

9    [background noise] me pertaining to this?

10               THE COURT:  No, you don't need--just your name.

11               MR. NGAMBO:  Would you mind repeating the

12   charges, please?

13               THE COURT:  The charges?

14               MR. NGAMBO:  Whatever, you know [crosstalk]--

15               THE COURT:  [Interposing] You were found guilty

16   of VTL 11-80 subsection D—

17               MR. NGAMBO:  [Interposing] And can I get that in

18   writing, please?

19               THE COURT:  Do I have a--?

20               COURT OFFICER:  [Interposing] make a request,

21   disposition form at the window to file [crosstalk]--

22               THE COURT:  Yes, sir, a certificate of

23   disposition you'll get at the window. It won't be there

24   today but you can get one [crosstalk]--

25               MR. NGAMBO:  [Interposing] [inaudible].

1           FEMALE:  [Interposing] it's guilty at the time.

2           THE COURT:  All right, no, you're not going to

3      get anything in writing. All right, thank you, sir.

4           MR. NGAMBO:  Why not, Your Honor?

5           [END OF HEARING]

6

7           C E R T I F I C A T E

8      I, Brian Henderberg, certify that the foregoing transcript of

9      proceedings in the ~~Family~~ TOWN of Clarkstown Justice Court of People v. Ngambo Docket

10     No. ~~19010060~~ 18090513 was prepared using the required transcription

11     equipment and is a true and accurate record of the

12     proceedings.

13     Signature:

14     Date: 25 March 2019

15

16

17

18

19

20

21

22

Ubiqus
61 Broadway – Suite 1400, New York, NY 10006
Phone: 212-346-6666 * Fax: 888-412-3655