UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULES NGAMBO,

                Plaintiff,

-against-

OFFICER MICHAEL RUSZKOWSKI, *et al.*,

                Defendants.

20-CV-0627 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that in the Town of Clarkstown, Rockland County, New York, Defendants violated his rights by issuing him a speeding ticket and finding him guilty of speeding in traffic court. By order dated February 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises out of Plaintiff's traffic court and small claims court proceedings, following Officer Ruszkowski's issuing Plaintiff a speeding ticket and Plaintiff's suing Ruszkowski in small claims court in response. Plaintiff names as defendants Ruszkowski; Judge Scott B. Ugell, who presided over the traffic court proceedings; Judge David M. Asher, who presided over the small claims matter; Paul Schofeld, the prosecutor representing the Town of Clarkstown in traffic court; Leslie Kahn, the Town Attorney representing Clarkstown in small claims court; Robert Berdy, a Clarkstown employee in the Claims and Insurance Department; and the Town of Clarkstown, for its alleged failure to train and supervise the named defendants.

The following facts are taken from the complaint and its exhibits, three transcripts from Plaintiff's traffic court and small claims court proceedings: On September 10, 2018, Officer Michael Ruszkowski of the Clarkstown Police Department "arrested Plaintiff . . . without probable cause that Plaintiff had committed an offense to public safety warranting being fined or possibly imprisoned." (ECF 2 at 2.) Following this incident,

> Abusing the Constitution's mandate for compulsory process, Plaintiff was summoned to appear before the Courts of the Town of Clarkstown in answer not to a crime but a quasi-crime with the Court treating the matter as criminal in nature for failure to plead and prove Plaintiff's violation of a quasi contract.

(*Id.*) Defendants Judges Ascher and Ugell,

> both on the pay roll of the Town of Clarkstown[,] conducted a hearing and a show trial resulting in Plaintiff being fined and subjected to threat of imprisonment as part of a revenue scheme benefiting Officer Michael Ruszkowski, Judge David M. Ascher, and Judge Scott B. Ugell.

(*Id.* at 2-3.)

Because of these proceedings, Plaintiff sued Officer Ruszkowski "for violating [Plaintiff's] rights and forcing him to defend that frivolous case." (*Id.* at 4.) Plaintiff eventually

> took Officer Ruszkowski to Clarkstown Town Smalls Claims court seeking remedy for the default on his bill . . . [but] the same Judge Ugell, who in connivance with Clarkstown Town Attorney Leslie Kahn, against showed bias and partiality towards Officer Ruszkowski and refused to even look at the evidence [Plaintiff] brought. He then dismissed the case.

(*Id.* at 5; Ex. 2 at 21) (upon learning that Plaintiff sued Ruszkowski for issuing a speeding ticket, Judge Ugell ordered Plaintiff to "[l]eave my courtroom now," *id.* at 21).

After Plaintiff pleaded not guilty to the speeding ticket, on January 29, 2019, Judge Ascher presided over a trial in which he found Plaintiff guilty of traveling 50 miles per hour (mph) in a 30 mph zone and sentenced him to a fine in the amount of $147.00, a $93 mandatory New York State surcharge, for a total of $240.00. (*Id.* at 5; Ex. 3 at 46-47.) After Plaintiff refused to pay the fine, Judge Ascher informed Plaintiff that if he failed to pay by February 14, 2019, the

3

court would notify the Department of Motor Vehicles. (*Id.* at 47.) After receiving notices from the Town of Clarkstown regarding the unpaid fine, on an unspecified date, Plaintiff paid the fine.

On March 22, 2019, Plaintiff met with a Robert Berdy, a government employee in the Clarkstown's Insurance and Claims Department,

> to request information on how to file a Tort Claim with the Town against Officer Ruszkowski, Judge Ascher and Judge Ugell. Mr. Berdy appeared upset and displeased to see [Plaintiff] and refused to give [him] any information and asked [him] [to] leave this office immediately and threatened to call security.

(*Id.* at 6-7.) Plaintiff did file notices of claims against Ruszkowski, Ascher, and Ugell, even though Berdy did not help Plaintiff do so.

Plaintiff alleges that Defendants committed the following violations: (1) unlawful detainment; (2) perjury; (3) impersonation of a public official;[1] (3) fraud; (4) conspiracy to commit fraud and violate rights; (5) deprivation of his right to due process during his state court proceedings; (6) theft of property; (7) racketeering; and (8) intimidation and coercion. He seeks money damages in the amount of $100,000.

## DISCUSSION

### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

---

[1] Plaintiff does not allege any facts suggesting who impersonated a public official.

47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff's claims against Defendants Ascher and Ugell are based on actions within the scope of their judicial conduct. Therefore, these claims are dismissed under the doctrine of judicial immunity as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (holding that "[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous'").

**B.**     **Government Attorney Immunity**

"As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler*, 424 U.S. at 430). This general principle has been expanded to include "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or

5

potential litigation' in civil suits—including the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against Kahn and Schofield are based on actions within the scope of their official duties and associated with the judicial process and conduct of litigation within the scope of representing the Town of Clarkstown. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

### C. Municipal Liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff fails to state a claim against the Town of Clarkstown because he does not show that any municipal policy, custom, or practice caused a violation of his rights. Accordingly, the Court dismisses from the action against the Town of Clarkstown for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Access-to-Courts Claim**

The Court construes the allegations concerning Robert Berdy, as asserting an access-to-courts claim, arising under the First Amendment to the United States Constitution. Plaintiff claims that Berdy refused to assist him in his attempt to file a lawsuit against Officer Ruszkowski, Judge Ascher, and Judge Ugell. The Court accepts as true for the purposes of this order that Defendant Berdy's employment with the Office of Insurance and Claims required him to assist the public in filing tort claims.

A claim that an individual's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss or inadequate settlement of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Harbury*, 536 U.S. at 415; *Lewis v. Casey,* 518 U.S. 343, 350 53 (1996). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415.

Plaintiff fails to state an access-to-courts claim because he cannot show that Berdy's alleged conduct resulted in any injury to Plaintiff's litigation. Plaintiff, unhindered by Berdy's alleged refusal to provide him with information, proceeded to file *three* notices of claim, including a claim against Ruszkowski, Asher, and one against Ugell. As such, the Court dismisses the complaint as to Berdy for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     False arrest**

To state a false arrest claim, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

"Probable cause arises when the police reasonably believe that "'an offense has been or is being committed.'" *United States v. Scopo*, 19 F.3d 777, 781-82 (2d Cir. 1994) (quoting *United States v. Cruz*, 834 F.2d 47, 50 (2d Cir. 1987)). When an officer "directly observe[s] [a driver] violating the traffic laws . . . [the officer] ha[s] probable cause to arrest [the driver]." *Id.* And "a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment." *United States v. Stewart*, 551 F.3d 187, 191 (2d Cir. 2009).

Plaintiff alleges that Officer Ruszkowski "arrested Plaintiff . . . without probable cause that Plaintiff had committed an offense to public safety warranting being fined or possibly imprisoned." (ECF 2 at 2.) But the facts alleged in the complaint indicate that Officer Ruszkowski observed Plaintiff violating the traffic laws and stopped him to issue him a speeding ticket. These facts, standing alone, show that Ruszkowski had probable cause to stop Plaintiff; the traffic court's finding that Plaintiff was guilty of speeding further shows that Plaintiff's violation of the traffic laws gave Ruszkowski probable cause to stop him. None of the allegations in the complaint suggest that Ruszkowski otherwise detained Plaintiff or did not have probable cause to do so.

8

Moreover, because the traffic court found Plaintiff guilty of speeding, he is estopped from relitigating the issue of whether he was in fact speeding. *See, e.g., Hickerson v. City of New York*, 146 F.3d 99, 109 (2d Cir. 1998) ("Plaintiff, as the party opposing the application of collateral estoppel, bears the burden of proving" that he was denied a full and fair opportunity to contest the issue).

In sum, Plaintiff's allegations do not state a claim that he was detained without probable cause, and he is estopped from relitigating the question of whether he was speeding, As Plaintiff cannot satisfy any of the elements of a false arrest claim, the Court dismisses it for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.  Leave to Amend Futile**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

SO ORDERED.

Dated:   March 23, 2020
        New York, New York

                                                        *Louis L. Stanton*
                                                         Louis L. Stanton
                                                            U.S.D.J.